# GUSTAFSON GLUEK PLLC
### ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA
120 SOUTH SIXTH STREET, SUITE 2600
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

KAITLYN L DENNIS
KDENNIS@GUSTAFSONGLUEK.COM

November 21, 2018

**VIA ECF**
The Honorable Michael J. Davis
United States District Judge
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *Zhang v. UnitedHealth Group, et al.*,
                Civ. No. 18-cv-01454-MJD-KMM

Dear Judge Davis:

      Plaintiff submits this letter brief in response to the Court's direction to the Plaintiff to respond to case law raised by Defendants' counsel for the first time during the November 15, 2018 hearing on Defendants' Motion to Compel Arbitration (Doc. 16). Defendants cited *Gergeni v. The Evangelical Lutheran Good Samaritan Society*, No. 17-cv-4037-LRR, 2018 WL 1175228 (N.D. Iowa, Mar. 6, 2018) in support of their stance that UnitedHealth's unilateral ability to modify or terminate its Arbitration Policy does not render the contract illusory.

      *Gergeni* provides little support to Defendants' position that UnitedHealth's Arbitration Policy is a non-illusory contract. In *Gergeni*, the court noted that "a unilateral modification provision may be unconscionable in some cases" but concluded that unilateral amendments by an employer that are *only* prospective in application would not render a contract illusory or unconscionable. *Id.* at *4–5. The specific language of the arbitration agreement cited by the court in *Gergeni* allowed the employer to modify the policy, but "only as applied to prospective claims and disputes", therefore eliminating the possibility that the employer could alter the arbitration agreement to influence pending disputes. *Id.* at *4. By contrast, UnitedHealth's Arbitration Policy contains language indicating that UnitedHealth's unilateral ability to modify the agreement is not solely prospective in application.

      UnitedHealth's Arbitration Policy instead provides that "the Policy covers any dispute subject to arbitration *which is brought on or after the applicable effective date*, as

Page 2
November 21, 2018

set forth in Section E of this Policy, *even if the alleged act or omission occurred prior to the applicable effective date*." (Doc. 20-1, pp. 7–8) (emphasis added). Because the language in UnitedHealth's Arbitration Policy allows UnitedHealth to alter the arbitration agreement before arbitration is officially initiated, UnitedHealth retains the unilateral power to potentially modify the policy to influence the outcome of pending disputes.

For example, an hypothetical employee who had a grievance related to workplace discrimination goes through UnitedHealth's internal dispute resolution policy (as recommended by the arbitration policy) and later brings his or her claim to the Equal Employment Opportunity Commission before that employee officially initiates an arbitration proceeding. In this situation, UnitedHealth could use its discretion to alter or terminate its Arbitration Policy to influence the pending dispute, so long as the alteration is made before arbitration is initiated.

UnitedHealth's policy is "prospective" only in that its ability to modify or terminate the Arbitration Policy is frozen only after an employee's initiation of arbitration—but significantly, not after an employee's possible claim should be apparent to UnitedHealth.

This mechanics of this scenario are not discussed in any detail in *Gergeni*, but in *Morrison v. Amway*, 517 F.3d 248, 254 (5th Cir. 2008), the court noted that "[w]hile [an amendment unilaterally made] to the arbitration provision would not become effective until published, there is nothing to suggest that once published the amendment would be inapplicable to disputes arising, or arising out of events occurring, before such publication." As Defendants recognize in their Joint Reply Memorandum in Support of their Motion to Compel Arbitration (Doc. 24), this retrospective application of the arbitration policy was a factor that persuaded the *Morrison* court that the arbitration policy in question there was illusory and unenforceable. *See Morrison*, 517 F.3d at 257.

UnitedHealth's arbitration policy *explicitly* states that modifications of its arbitration policy can take effect regarding claims that arise out of events occurring before the effective date of any changes to the policy. (Doc. 20-1, pp. 7–8). Therefore *Gergeni*, which held that "prospective-only" modification provisions were not enough to render a contract illusory, fails to provide convincing support for the contention that UnitedHealth's Arbitration Policy is not illusory or substantively unconscionable.

        Sincerely,

        GUSTAFSON GLUEK PLLC

        *s/Kaitlyn L. Dennis*
        Kaitlyn L Dennis

KLD/mlm
cc: Counsel of record (via ECF)