UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Yufan Zhang, | Civil Case No. 18-cv-01454-MJD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| UnitedHealth Group and Sujatha Duraimanickam, | |
| Defendants. | |

This matter is before the Court on Plaintiff's counsel's motion to withdraw without substitution and for case-management purposes. For the reasons that follow, the stay of these proceedings is lifted, the motion to withdraw is granted, and the Court adopts a briefing schedule to bring this litigation to a close.

**Lifting the Stay**

On February 14, 2019, the District Court entered an Order granting the Defendants' motion to compel arbitration and staying this litigation pending the outcome of the arbitration. [ECF No. 28.] On October 8, 2020, counsel for the Plaintiff, Yufan Zhang, who volunteered to represent Mr. Zhang through the Federal Bar Association's *Pro Se Project*, notified the Court that the arbitrator had issued a judgment on the arbitration claims in favor of the Defendants. [ECF No. 34.] Because the arbitration in this case has concluded, **IT IS HEREBY ORDERED THAT** the stay of these proceedings is lifted.

*Motion to Withdraw*

Plaintiff's counsel, Kaitlyn Dennis, Daniel Nordin, and Daniel Gustafson, and the law firm of Gustafson Gluek PLLC, seek the Court's leave to withdraw from their representation of Mr. Zhang without substitution of counsel. [ECF No. 35.] For the reasons that follow, the motion is granted.

The Local Rules require an attorney seeking to withdraw without substitution to (1) provide notice of the motion to the client, and (2) show good cause. D. Minn. LR 83.7(c). Plaintiff's counsel have demonstrated that they provided Mr. Zhang with notice of the motion to withdraw and have thereby satisfied the notice requirement of Local Rule 83.7(c). *See* Pl.'s Counsel's Mem. at 3 (noting that Mr. Zhang "does not object to Gustafson Gluek's withdrawal") [ECF No. 36].

In considering whether good cause exists, courts consider whether the reason for withdrawal is permitted or required by the Minnesota Rules of Professional Conduct. *See Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549–50 (8th Cir. 2016) (citing D. Minn. LR 83.6(a) and considering whether withdrawal complied with the Minnesota Rules of Professional Conduct). "If the requirements of these rules are satisfied, 'withdrawal is presumptively appropriate.'" *Id.* (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)).

The Minnesota Rules of Professional Conduct permit counsel's withdrawal where the lawyer and the client have a fundamental disagreement regarding a course of action in the litigation. Minn. R. Prof. Conduct 1.16(b)(4). Plaintiff's counsel

2

indicate that they "have reached a fundamental disagreement [with Mr. Zhang] about how to proceed in the case which has resulted in 'an irreconcilable dispute regarding strategy.'" Pl.'s Counsel's Mem. at 3 (quoting *Northwestern Mut. Life Ins. Co. v. Ulanowski*, No. CV 11-35 (RHK/LIB), 2012 WL 13028742, at *3 (D. Minn. Mar. 5, 2012)). Based on this representation, Plaintiff's counsel have shown good cause such that withdrawal is "presumptively appropriate." *Sanford*, 816 F.3d at 549-50.

"The presumption favoring withdrawal … should be disregarded … if it would severely prejudice the client or third parties." *Id.* at 550. Here, there is no indication that Plaintiff's counsel's withdrawal will cause severe prejudice to Mr. Zhang, the Defendants, or the Court. Neither Mr. Zhang nor the Defendants have objected to plaintiff's counsel's withdrawal, Plaintiff's counsel has assisted Mr. Zhang in litigating this matter through a conclusion in the arbitration proceedings, and the only steps left in this case are either confirmation of the arbitration award or an order vacating the arbitration decision. There is no indication that Mr. Zhang is unable to represent his own interests in the remaining stage of this litigation. Under these circumstances, the Court concludes that withdrawal without substitution is appropriate.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's counsel's motion to withdraw **[ECF No. 35]** is **GRANTED**. The Clerk of Court is directed to mail a copy of this Order to Mr. Zhang at the following address:

> Yufan Zhang
> 6471 Pipewood Curve
> Chanhassen, MN 55331

If Mr. Zhang's address has changed since he filed his initial complaint, Plaintiff's counsel shall instruct Mr. Zhang that he is responsible for providing an updated address to the Clerk of Court so that he will receive correspondence from the Court for the remainder of these proceedings.

**Briefing Order**

Pursuant to 9 U.S.C. § 9, a party to an arbitration may apply in federal court to confirm an arbitration award. A court must confirm an arbitration award unless it is "vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Federal Arbitration Act]." *Hall Street Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008). Under 9 U.S.C. § 10(a), a court may vacate an arbitration award only in specific circumstances. The statute provides for a very limited scope of review of an arbitrator's decision. *Bhd. of Main. of Way Emps. v. Terminal R.R. Ass'n*, 307 F.3d 737, 739 (8th Cir. 2002). There are also limited circumstances in which an arbitration decision may be modified or corrected. 9 U.S.C. § 11.

At this time, because the arbitration has concluded, the only remaining steps for the Court to take are to confirm the arbitration award or to vacate, modify, or correct it if the standards of 9 U.S.C. §§ 10 or 11 are satisfied. Accordingly, the Court adopts the following schedule to govern the remainder of this litigation:

1. **On or before December 21, 2020**, the Defendants shall file any application to confirm the arbitration award, as provided in 9 U.S.C. § 9, and Mr. Zhang

shall file any application to vacate, modify, or correct the arbitration award, pursuant to 9 U.S.C. §§ 10, 11. Either application permitted by this paragraph must be accompanied by a written memorandum explaining the factual and legal basis for that party's request.

2. **On or before January 25, 2021**, Mr. Zhang shall file a response to any application by the Defendants to confirm the arbitration award and the Defendants shall file any response to any application by Mr. Zhang to vacate, modify, or correct the arbitration award.

3. Upon the receipt of the briefing permitted by this Order, the Court will issue a decision on the application(s) based on the written submissions alone and without a hearing.

4. If neither party files the application(s) required by this Order, the undersigned United States Magistrate Judge may recommend that the litigation be dismissed for failure to prosecute.

Date: November 18, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge