UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yufan Zhang,                                                   Civil Case No. 18-cv-01454-MJD-KMM

          Plaintiff,

v.

UnitedHealth Group, and Sujatha                                **ORDER**
Duraimanickam,

          Defendant.

      This matter is before the Court on Defendants' email request to modify the November 18, 2020 Order setting a briefing schedule for the parties to file applications to confirm, vacate, modify, or correct the arbitration award. In the November 13th Order, the Court provided a joint filing deadline of December 21, 2020, for filing of an application to confirm the arbitration award or to vacate, modify, or correct the award. The Court also provided a joint response deadline of January 25, 2021.

      Defense counsel asks the Court to adjust these deadlines so that they align with the deadlines established in the relevant provisions of the Federal Arbitration Act ("FAA"). Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a court to confirm an arbitration award "at any time within one year after the award is made…." Under § 12 of the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." This three-month deadline from the completion of the arbitration operates like a statute of limitations. *Stedman v. Great Am. Ins. Co.*, No. 4:06-CV-101, 2007 WL 1040367, at *4 (D.N.D. Apr. 3, 2007) ("It is well-settled in the Eighth Circuit that a failure to file a motion to vacate, modify, or correct an arbitration award within the statutory time period

waives any defenses to confirmation that may be asserted in a timely motion to vacate.") (citing cases).

These provisions provide the parties in this case more time to file the relevant motions than the Court established in its November 18th briefing Order.[1] Defense counsel copied Mr. Zhang on the email request to the Court and he has expressed no opposition to the Defendants' proposed modification of the deadlines. Accordingly, the Court finds that the deadlines should be adjusted as set forth in the following paragraphs.

1. Any motion to vacate, modify, or correct the arbitration award, pursuant to 9 U.S.C. §§ 10, 11, **must be filed on or before January 6, 2021**. Any response to such a motion **must be filed on or before January 27, 2021**.

2. Any motion to confirm the arbitration award, pursuant to 9 U.S.C. § 9, **must be filed on or before October 6, 2021**. However, as the Defendants are the more likely of the parties to file such a motion, and will likely be responding to any motion from Mr. Zhang by the January 27, 2021 deadline established in Paragraph 1 of this Order, the Court encourages Defendants to file a motion to confirm the arbitration award in conjunction with such a response. **Any response to a motion to confirm the arbitration award must be filed within 21 days of the date such a motion is filed**.

3. Upon the receipt of the briefing permitted by this Order, the Court will issue a decision on the motions based on the written submissions alone and without a hearing.

---

[1] The Arbitrator in this case rendered a judgment on the arbitration claims in favor of UnitedHealth Group on October 5, 2020. Accordingly, the deadline for a motion to vacate, modify, or correct an arbitration award pursuant to 9 U.S.C. §§ 10 & 11 is January 6, 2021. This falls well after the December 21, 2020 deadline established in the Court's November 18th briefing Order. A motion to confirm the arbitration award need not be filed until one year after the arbitration award is made, but "Defendants represent that they intend to file a motion to confirm promptly once the January 6, 2021 date passes." [Email from Sarah Riskin to Menendez, M.J. (Dec. 9, 2020 3:40 PM) (on file with the Court).]

2

4. If neither party files the motions required by this Order by the deadlines established herein, the undersigned United States Magistrate Judge may recommend that the litigation be dismissed for failure to prosecute.

Date: December 10, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge