

EXHIBIT B

2020-09-18 letter to arbitrator



To: Jeffrey J. Keyes (Arbitrator)
From: Yufan Zhang (Claimant)
Date: 09/18/2020

Re: Case No.: 01-19-0001-0069
Yufan Zhang
and
UnitedHealth Group, Inc. and
Sujatha Duraimanickam

Hello Keyes

Arbitrator are hard to make fair and justice determination with partial facts, especially those facts are selected on purpose.

When I argued with Sujatha Duraimanickam, when I submitted my dispute letter and emails to UHG HR, when I talked to EEOC and MNHR, I told them that they could verify each of my facts listed in my refutation statements on basecamp online system where Sujatha used to record and manage daily work tasks, and on UHG service-now online system where UHG used to record and manage internal service requests, and on Optum code-hub online system where UHG used to keep track what the coding done by each developer, etc. However, UHG did not refute the facts I provided. They just used their comments to prove their comments without original evidentiary facts. Like what Shawn Woods said in his testimony, some facts they provided are from emails or other communication channels. Repetition makes a fact seem more true, regardless of whether it is or not. UHG used "circular reasoning" method to justify Sujatha's injustice against me in UHG.

UHG is unwilling to provide solid evidences, such as the records from "basecamp" and "service-now". It is obvious that UHG was try to hide those facts unfavor to them, such can mislead the arbitrator.

I was not given long enough time in witness hearing to provide entire and detail facts and refute UHG blaming me due to the limitation. Such made me unable to refute many UHG comments for blaming me. Also, the Interpreter is not good enough because he could not remember accurately when I talked little bit longer, which resulted in missing some words occasionally, or even made some mistake, in his interpretation. So, I had to talk shortly. When I was going to split my long conversation into several short conversations, UHG did not allow, and arbitrator agreed with UHG. Such made me unable to answer some questions with entire facts, or with more clear and detail explanations. That also made my attorney not dare to ask me some questions which required long conversation.

Arbitration Act does not grant arbitrators power to determine whether the conducts violate the law or not. Arbitrators' responsibility is on something related to contracts and agreements.

Evidentiary rules employed in the judicial proceedings are not strictly applied in arbitration. In proceeding before arbitrator, many of proof rely on testimony or oaths, instead of evidences.

UnitedHealth had best made use of this weakness, and is not willing to provide the initial records from "basecamp", "service-now", and "CodeHub". Such let us only have partial facts. Due to the limited power of arbitrators, you cannot compel UnitedHealth to prove their comments against me with solid evidences, such as initial records from "basecamp", "service-now", and "CodeHub", etc.

Also, with limited time on discovery in Arbitration, it is hard to verify all of UnitedHealth misleading statements. Although the flexibility with regard to evidentiary in Arbitration is often considered a benefit of arbitration, however, in our case, it might lead to unpredictability and even conflicts with the law.

It is hard for you to handle the claims with such complicated discovery. It could be favorable for arbitrators to resolve the employment dispute issues when there are no many arguments in prime facts. In our case, most of arguments would be more focusing on whether UHG violated the law or not. Claims in violation of law could, of course, never be considered as subjects of arbitrations. And the arbitration might be ineffective if carried out.

Misleading an arbitrator might be easier, but misleading jury would be hard. So, I think that resuming our case back to the court proceedings (CASE 0:18-cv-01454-MJD-KMM) would be most fair to all parties.

Wish my thought could be considered.

Sincerely
Yufan Zhang

1/6/2021  zyufan@yahoo.com - Yahoo Mail



### Re: Automatic reply: UHG v. Zhang - Claimant's Post Hearing Brief for Formatting

**Frank Zhang** <zyufan@yahoo.com>
To: Kaitlyn Dennis

Tue, Sep 22, 2020 at 9:16 PM

Hi Kaitlyn

Thank you very much for your helps on my claims. I very appreciated!

Attached is my concerning about the arbitration proceedings. It is just a draft file that I was in a hurry to write down, so it does not contain all of my concerning. I wrote it on last Friday night (Sep. 18, 2020). It was too late for you to review it. So I submitted it to arbitrator Keyes on http://keyesadr.com/contact-us/ at Friday night since I don't know the email address to AAA or arbitrator Jeffrey J. Keyes. I convert it to PDF file. You might forward it to AAA for their record.

Thanks
Yufan

On Tuesday, September 22, 2020, 06:23:46 PM CDT, Kaitlyn Dennis <kdennis@gustafsongluek.com> wrote:

Hi Yufan,

Yes, the arbitrator will let us know within 30 days.

Get Outlook for iOS

**From:** Frank Zhang <zyufan@yahoo.com>
**Sent:** Tuesday, September 22, 2020 6:16:33 PM
**To:** Kaitlyn Dennis <kdennis@gustafsongluek.com>
**Subject:** Re: Automatic reply: UHG v. Zhang - Claimant's Post Hearing Brief for Formatting

Hi Kaitlyn

Would the arbitrator make final determination within a month?

Thanks
Yufan

On Friday, September 18, 2020, 01:55:50 PM CDT, Kaitlyn Dennis <kdennis@gustafsongluek.com> wrote:

Thank you for your email, Gustafson Gluek is closed for **Rosh Hashanah**, so that our employees can spend time with family and friends. Unless time sensitive or urgent, we have encouraged them to reply to all email and phone messages when they return on Monday, September 21st. If your request is time sensitive or urgent, you may contact Karla Gluek at kgluek@gustafsongluek.com.

Thank you,

**Gustafson Gluek PLLC**



message to ... .pdf
50.7kB

Temporaily Ig...

Vytas Rimas

YangYang

Zhang-Qiang