UNITED STATES DISTRICT COURT **RECEIVED**

DISTRICT OF MINNESOTA

FEB 25 2021

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Civil Case No. 18-cv-01454-MJD-KMM

Yufan Zhang,

       Plaintiff,

v.

UnitedHealth Group, Inc. and

Sujatha Duraimanickam,

       Defendants.

**PLAINTIFF'S**

**MEMORANDUM IN MOTION TO**

**VACATE ARBITRATOR'S**

**DECISION**

APPELLANT'S MEMORANDUM FOR VACATING ARBITRATION

AWARDS

**SCANNED**
FEB 26 2021
U.S. DISTRICT COURT MPLS

Civil Case No. 18-cv-01454-MJD-KMM

## Table of Contents

*INTRODUCTION* ................................................................................4

*FACTUAL BACKGROUND AND PROCEDURAL POSTURE* ....................6

*THE RULES FOR VACATING ARBITRATION AWARD* ..........................14

    **I.**    **9 U.S. Code § 10 - Same; vacation; grounds; rehearing** .................14

    **II.**    **Common elements for vacating an arbitration award**.................15

    **III.**    **Definition of fraud** ......................................................16

    **IV.**    **Common elements of civil fraud** ...........................................16

*ARGUMENT* ...................................................................................17

    **I.**    **The Merits Before the Court** ...............................................17

      (a).     First presents the statements that UnitedHealth used to demonstrate Zhang had bad performance which is the reason for UnitedHealth terminating Zhang's job. (Id. §13). In addition to list UnitedHealth's reasons for terminating Zhang's job, the brief also provided the argument points found in the witness testimonies and UnitedHealth's evidences, and then analyzed those points, and came up with the crux of issues.   18

      (b).     Secondly, the brief shows that the material evidences are the logging records in "basecamp" (Id. §20), "service-now" (Id. §21), and "codeHub" (Id. §22), etc. And those material evidence can prove whether the Plaintiff Zhang's work performance was as what Duraimanickam said or not. ...........................18

      (c).    Finally, in the brief Argument section, Plaintiff Zhang presented his arguments to demonstrate (1) the arbitration award was procured by corruption, fraud, or undue means; … or (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. Zhang also summarized his argument points in the section of "Summary of The Argument".  18

Civil Case No. 18-cv-01454-MJD-KMM

**II.     THE AWARD WAS PROCURED BY CORRUPTION, FRAUD, OR UNDUE MEANS**................19

**III.    Arbitrator Keyes Were Guilty of Misconduct in Refusing to Postpone the Hearing, Upon Sufficient Cause Shown, Or in Refusing To Hear Evidence Pertinent And Material To The Controversy; Or of Any Other Misbehavior By Which The Rights Of Any Party Have Been Prejudiced**..................................................................................................................**24**

**IV.    AN AWARD CANNOT BE VACATED ON THE GROUNDS THAT THE ARBITRATOR MISAPPLIED THE LAW** ................................................................................................**32**

***CONCLUSION*** ...........................................................................................................**33**

Civil Case No. 18-cv-01454-MJD-KMM

# **INTRODUCTION**

Defendants, UnitedHealth Group ("UnitedHealth") and Sujatha Duraimanickam ("Duraimanickam"), terminated Plaintiff Yufan Zhang's ("Zhang") job for the reason of "poor work performance". However, except written statements, Defendants were unwilling to disclose any original job logging records or original evidences to prove the statement contents regarding plaintiff's job performance. Duraimanickam defined "poor work performance" as "missing project deadline" or "completed project with issues". Both parties acknowledge the records in "basecamp", "service-now", and "codeHub" contain Duraimanickam's team members day-to-day work items and work status. Therefore, these records would be the best evidences for proving Plaintiff's job performance. Also, these records do not contain any private information or business secrets. The plaintiff objected to the defendant's statements based on complete facts, while the defendant's statements were based on partial facts. Defendants did not oppose Plaintiff's arguments, but still presented them to Arbitrator Keyes. Arbitrator Keyes thinks the part of the Defendant's statements can be self-proved with each other; therefore, he accepts major statement evidence and does not think Plaintiff's arguments have evidences to support. But Plaintiff thinks such is "circular reasoning". Plaintiff also found some self-contradictory contents in Defendant's statement evidence. Plaintiff requests the court to order a motion to vacate the arbitration award.

Civil Case No. 18-cv-01454-MJD-KMM

Arbitration awards shall be vacated if (1) the award was procured by corruption, fraud, or undue means; or (2) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

Plaintiff Zhang's brief and memorandum in support of his motion to vacate is primarily to demonstrate the award was procured by fraud or misbehavior. Defendants, UnitedHealth and Duraimanickam, presented only the statement or hearsay evidences to Arbitrator Keyes. Their evidences contain the examples and statements written by themselves without any original evidence to support their statements or examples. Plaintiff Zhang have demonstrated that all of the Defendants' examples and facts are untrue or based on partial facts on purposes of misleading. There are many original evidences existing in UnitedHealth, such as the day-to-day job logs stored in "basecamp" system, teams' service execution records stored in "service-now" system, and every development contribution (source codes) stored in "codeHub" system. The records in "basecamp", "service-now", and "codeHub" contain the original daily work performance records for every member in Duraimanicka's team. These records are the best evidences to demonstrate each developer, including Plaintiff Zhang, work performance. However, Defendants refuted to disclose these records, and never used any of these records to demonstrate Plaintiff Zhang's poor performance which is the pretext that Defendants terminated Plaintiff Zhang's job. Just the opposite, Plaintiff stated these records could not

Civil Case No. 18-cv-01454-MJD-KMM

demonstrate Plaintiff's performance was poor; on the contrary, these records can

prove Defendants' statement evidences are actually untrue or on the basis of partial

facts on purposes of misleading. Also, these records would demonstrate the reason

for Defendants terminating Plaintiff's job is the pretext for their unlawful

discrimination. Arbitrator Keyes made the arbitration decision are all on the basis of

Defendants' statement evidence. The flaw for Defendants' statement evidence is that

there is no original evidence to prove those statement contents. Plaintiff found some

self-contradictory contents, which are relevant to the arbitration decision basis, in

Defendants' statement evidence. That means there are fraudulent statements in

Defendants' evidences. Also, there is evidence of Arbitrator's misbehavior.

Therefore, the arbitration award procured by the fraud and misconduct shall be

vacated. And the award shall be vacated.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

In UnitedHealth, Duraimanickam team used "basecamp" (Ex. D §20) online

project management system to record each developer daily working items and their

status. And UnitedHealth used "service-now" (Ex. D §21) web tool to store each

service request, include its execution records, between teams. And UnitedHealth,

including Duraimanickam team, used "codeHub" (Ex. D §22) online service to

maintain and manage each developer contributions (source codes) to projects during

the time when Zhang was working in UnitedHealth Group. Those records could only

be accessed from UnitedHealth intranet and by using UnitedHealth username.

6

Civil Case No. 18-cv-01454-MJD-KMM

UnitedHealth did not allow Plaintiff Zhang to take any records from "basecamp",

"service-now", and "codeHub". And Respondents also did not provide these records

to the third party for verifying the facts presented by Plaintiff and Respondents.

During Internal Dispute Request appeal in December 2016, EEOC charge in year

2017 to 2018, and in this arbitration process, Defendants always denied to provide

the records from "basecamp", "service-now", and "codeHub" to Zhang, EEOC, and

the arbitrator. Duraimanickam blamed Zhang for having bad performance and always

having issues on the job, but she was not able to prove that with anything except

statements. Although it is very simple thing to prove whether Duraimanickam's

claims were true or not via the records from these three systems, however,

Respondents never did so. In fact, Respondents could not present any facts except

those already mentioned in two "Corrective Action Form" submitted by

Duraimanickam. In the Plaintiff brief, Zhang had demonstrated that all of those facts

presented by Duraimanickam are either untrue or partial facts with misleading

information (Ex. D §39, §40). As the development manager, Duraimanickam knew

these three systems very well since she needed to check them daily to get the up-to-

date development status. And since December 14, 2016, Zhang had told

UnitedHealth for many times that his statements and arguments could be verified by

the records from "basecamp", "service-now", and "codeHub" (Ex. G), however,

UnitedHealth always avoided verifying the facts presented by Zhang.

Civil Case No. 18-cv-01454-MJD-KMM

1. On January 12, 2015, Mr. Zhang started working with UnitedHealth Group.

2. In the end of year 2015, UnitedHealth Group granted Mr. Zhang "MAKE IT HAPPEN" award for recognizing his excellent work in year 2015 (Ex. A). Only about 160 employees among more than two hundred thousand UHG employees received this award in year 2015.

3. On November 14, 2016, Ms. Duraimanickam, Mr. Zhang's manager in UnitedHealth Group, terminated Mr. Zhang job for the reason of "poor work performance". Duraimanickam defined the "poor work performance" as "cannot complete the project development in deadline or completed with serious issues". Duraimanickam only provided four examples as the facts to support her termination reason (Exs. B and C. Initial and final CAP). However, even Ms. Duraimanickam herself was not able to deny that all of these examples were on the basis of misleading facts in her testimony (Ex. D §39, §40, Exs. E, H).

4. On December 02, 2016, Mr. Zhang submitted Internal Dispute Request Appeal form to UnitedHealth Group HR along with a letter (Exs. E), plus the follow-up emails (Ex. H), to demonstrate the facts that Ms. Duraimanickam used to support her termination reason are not true and some of the facts are oxymoron itself (Ex. F).

5. On December 14, 2016, Mr. Zhang had a meeting with UnitedHealth Group HR over the phone. During the meeting, Mr. Zhang told UnitedHealth Group HR how Ms. Duraimanickam did age discrimination against him. Mr. Zhang also told UnitedHealth Group HR that what he said in the meeting and what he wrote on

8

Civil Case No. 18-cv-01454-MJD-KMM

the dispute letter are all able to verify in (1). Duraimanickam's team daily work status logging records over "*basecamp.com*", (2). UHG internal service management system: "service-now" website, and (3). Optum internal source management system: "codeHub" website. (Ex. G). After the meeting, Mr. Zhang had several email communications with UnitedHealth Group HR for providing more information to demonstrate Ms. Duraimanickam's age discrimination behaviors (see Ex. H).

6. On February 07, 2017, UnitedHealth Group HR sent a letter (Ex. I) to Mr. Zhang to affirm UHG termination decision was appropriate. Although Mr. Zhang told David Drysdale, UHG HR investigator, he could verify what Mr. Zhang said in his dispute letter and emails with existing material evidence ("basecamp", "service-now", and "codeHub", etc.) (Ex. G), however, David Drysdale did not verify the facts with existing material evidence ("basecamp", "service-now", and "codeHub", etc.) (Ex. D ¶2 on gage 139). Instead, David Drysdale just talked to Ms. Duraimanickam, and reviewed some general comments about Mr. Zhang that Duraimanickam asked some colleagues provided, then he came up with his conclusion (Ex. I). It is like saying that if Duraimanickam says something is true, then it must be true no matter what.

7. On March 06, 2017, Ms. Duraimanickam hired a young developer, Kinbaum Matthew, in replacing Mr. Zhang position (Ex. J).

8. On May 15, 2017, Zhang filed a charge of age discrimination against UHG with the EEOC. On June 14, 2017, UnitedHealth Group sent the EEOC a letter to

Civil Case No. 18-cv-01454-MJD-KMM

provide some facts to demonstrate they did not have age discrimination in the workplace. On November 22, per the EEOC request, Mr. Zhang sent the EEOC response statements in which Mr. Zhang told the EEOC that the facts UHG used to prove their statements were lies or partial facts. The complete facts could be found in the records from UHG internal job and resource management websites of "basecamp", "service-now" and "codeHub". The EEOC then asked UHG to provide those work logging records. However, UHG refused to provide any records or material evidence. UHG just provided some personal statements to prove their statements (Ex. D, last paragraph on page 139)[1].

9.  On February 27, 2018, EEOC issued a Notice of Right to Sue

10. On May 15, 2018, Zhang filed a lawsuit against UnitedHealth Group and Sujatha Duraimanickam with the US District Court of Minnesota. Mr. Zhang alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Minnesota Human Rights Act ("MHRA").  Mr. Zhang also alleged Duraimanickam treated him differently from his younger teammates and that he had suffered from age discrimination, hostile working environment, and defamation.

---

[1] For detail, refer to the Question No. 3 and its Response on plaintiff brief EXHITB: "Zhang 2017-12-12 Response to Request for Information", and "Zhang 2017-12-12 Exhibits to Response to Request for Information"

Civil Case No. 18-cv-01454-MJD-KMM

11. On February 14, 2019, this Court granted Defendants' Motion to Compel Arbitration

12. In 2019, The parties proceeded to litigate Zhang's claims according to the Rules of the American Arbitration Association ("AAA"). During discovering period, Plaintiff served Defendants responded, 21 Requests for Production of Documents. Mr. Zhang found that UnitedHealth Group did not provide the material evidence, which are the records from "basecamp", "service-now", and "codeHub", and those evidences not only could support plaintiff claims, but also could verify defendants' statements true or false. Mr. Zhang was told by his attorney that UnitedHealth Group had right not to provide any evidences unfavorable to them, and arbitrators had no power to compel UnitedHealth providing evidences unfavored to them.

13. Arbitrator Keyes heard testimony over a four-day period on August 4, 5, 18, and 19, 2020. Before the hearing started, arbitrator Keyes declared he had no knowledge on computer and Information Technology ("IT"). During the hearing, the facts were hotly contested. Arbitrator Keyes heard testimony that (Ex. F):

   a. UnitedHealth Group granted a company-wide award, "MAKE IT HAPPEN", to Zhang for recognizing his excellent works in 2015.

   b. Zhang, as the only one non- native English speaker in his team, his first supervisor told him, in his 2015 annual common review, that improving his verbal communication skill would make him more productive although his English speaking did not have impacts on his jobs.

11

Civil Case No. 18-cv-01454-MJD-KMM

   c.  Since March 2016, Zhang directly reported to Defendant Duraimanickam.

   d.  Duraimanickam said during arbitration hearing meeting[2]

      (1). "*He*[Zhang] *needed a lot of improvement because he*[Zhang] *was never telling the truth, he*[Zhang] *was always lying in his commitment. He*[Zhang] *was not keeping up with words. He*[Zhang] *was not trustworthy. He was not credible.*" (Ex. L, page 38, line 1-5);

      (2). Duraimanickam thought Zhang always did something wrong (Ex. M, Tr. 622:7-8); and if other developers did something with issues, Duraimanickam believed that was always because of Zhang's working issues (Ex. M, Tr. 616:3-4)

---

[2] **Note**: since Duraimanickam had described Zhang job performances with so many "Always" comments, she should be very easy to find many examples to demonstrate her statements. However, in fact, except she blamed Zhang by no evidence support statements, Duraimanickam could not prove her statements with any material evidence or specific examples. Except the admin tool assignment whose deadline had been changed for at least three times due to requirement change (Ex. P), Zhang had completed all of his development assignments (Ex. N) in initial deadline with good quality.

Civil Case No. 18-cv-01454-MJD-KMM

    (3). *"Specifically his*[Zhang's] *outcome was always flawed and*

        *he*[Zhang] *always has issues."* (Ex. M, Tr. 622:7-8);

    (4). "Basically, he[Zhang] has always run into repeated issues for not

        validating things thoroughly. He's always been very careless" (Ex.

        M, Tr. 626:1-4);

    (5). "he[Zhang] was always giving some lame excuse or the other."

        (Ex. M, Tr. 654:21-22);


e.  Duraimanickam testified that Zhang's colleague, Gil (Gilberto Rosario),

    had told her that *"Frank*[Zhang] *displays an ability to learn rapidly and*

    *adapt quickly to changing situations specifically with the constant*

    *improvements of both OMC and the ODH infrastructure environments as*

    *well as with the overall Adobe Experience Manager platform.*

    *Frank*[Zhang] *has always demonstrated strong rapport with those he*

    *interacted with especially with my team. Frank*[Zhang] *always maintained*

    *a good relationship and projected a friendly tone even throughout the*

    *challenging times. Frank*[Zhang] *always welcomed new ideas and*

    *constructive feedback when it came to technical challenges especially in*

    *the application development areas"* (Ex. M, Tr. 687:3-20).

f.  UnitedHealth Group placed Zhang on a corrective action plan in the basis

    of the examples and the facts which are untrue or only partial true. (Ex. F

    §3)

    g. UnitedHealth just repeated blaming Mr. Zhang again and again without material evidences or specific examples, or with lies or false examples.

    h. Technology Development Program ("TDP") in UnitedHealth Group is a on-job training program, and only allowed the recent graduated students to participate. UnitedHealth Group HR required the hiring managers first consider to hire those young TDP associates when there were opening. (Ex. D §26, §31[A])

    i. UnitedHealth Group terminated Zhang's job on No

14. There are two explanations for why Zhang was fired. UnitedHealth Group claimed that it was because Zhang had poor performance; while the Plaintiff Zhang claimed that UnitedHealth Group allegation is merely pretext; and actually, Zhang got treated differently from his younger teammates and had suffered from age discrimination, hostile working environment, and defamation.

## THE RULES FOR VACATING ARBITRATION AWARD

**I. 9 U.S. Code § 10 - Same; vacation; grounds; rehearing**

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) where the award was procured by corruption, fraud, or undue means;

Civil Case No. 18-cv-01454-MJD-KMM

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

## II. Common elements for vacating an arbitration award

A petitioner seeking to vacate an award on the ground of fraud must adequately plead that (1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration.

*See Karppinen, 187 F.2d at 34-35.* The district court here did not address the first two factors, basing its denial on Odeon's failure to demonstrate that the fraud at issue—Ackerman's alleged perjury—was material to the arbitration award. *Odeon Capital Grp., 182 F. Supp. 3d at 128.* As we did in Karppinen, "[w]e will assume . . . that an arbitration award may be set aside in a case of material perjured evidence furnished [to] the arbitrators by a prevailing party." 187 F.2d at 34.

*See Odeon Capital Group LLC v. Ackerman, No. 16-1545 (2d Cir. 2017)*

15

Civil Case No. 18-cv-01454-MJD-KMM

A petitioner seeking to vacate an arbitration award on the basis that it was procured by fraud must plead that (1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration.

> *See Sorghum Inv. Holdings Ltd. v China Commercial Credit, Inc. - 2019 NY*
> *Slip Op 31265 (U)*

## III. Definition of fraud

*All multifarious means which human ingenuity can devise, and which are resorted to by one individual to get an advantage over another by false suggestions or suppression of the truth. It includes all surprises, tricks, cunning or dissembling, and any unfair way which another is cheated.*

> *Source: Black's Law Dictionary, 5th ed., by Henry Campbell Black, West Publishing Co., St. Paul, Minnesota, 1979.*

## IV. Common elements of civil fraud

A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a present, material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reasonable reliance by the party misled, and (6) resulting damage to him.

> *See Thompson v. Bacon, 245 Va. 107, 111 (1993.)*

Civil Case No. 18-cv-01454-MJD-KMM

# ARGUMENT

## I. The Merits Before the Court

There are a lot of controversy between Plaintiff Yufan Zhang ("Zhang") and defendants UnitedHealth Group, Inc. ("UnitedHealth") and Sujatha Duraimanickam ("Duraimanickam"). Arbitrator Keyes heard all the testimonies in hearing meeting on August 4-6, 18-19, 2020. After the arbitration hearing, Defendants presented arbitrator Keyes the statement and hearsay evidences to demonstrate Zhang had bad performance. However, Zhang demonstrated that the examples and facts presented in Defendants evidences are untrue or based on partial facts; and therefore, Zhang made a conclusion that Duraimanickam treated Zhang differently from the other younger developers. The evidences presented by Defendants are the statements written down by Defendants themselves, primarily by Duraimanickam. So, Defendants' conclusion is "Zhang had bad work performance". While the evidences presented by Zhang are the Defendants' testimonies, primarily Duraimanickam's testimony. Plaintiff Zhang also found Duraimanickam told lie because some of statements in her testimony are self-contradictory. In this case, the weight of Plaintiff's evidence should be higher than the weight of Defendants' evidence. But Arbitrator Keyes doesn't think so. Arbitrator Keyes thinks Defendants' evidences are sufficient enough to prove Zhang had a bad performance.

For better demonstrating Arbitrator Keyes' misbehavior, Plaintiff reorganized his arguments in the amended brief (Ex. D) as following

17

Civil Case No. 18-cv-01454-MJD-KMM

(a).   First presents the statements that UnitedHealth used to demonstrate
Zhang had bad performance which is the reason for UnitedHealth
terminating Zhang's job. (Id. §13). In addition to list UnitedHealth's
reasons for terminating Zhang's job, the brief also provided the argument
points found in the witness testimonies and UnitedHealth's evidences,
and then analyzed those points, and came up with the crux of issues.

(b).   Secondly, the brief shows that the material evidences are the logging
records in "basecamp" (Id. §20), "service-now" (Id. §21), and
"codeHub" (Id. §22), etc. And those material evidence can prove
whether the Plaintiff Zhang's work performance was as what
Duraimanickam said or not.

(c).   Finally, in the brief Argument section, Plaintiff Zhang presented his
arguments to demonstrate (1) the arbitration award was procured by
corruption, fraud, or undue means; ... or (3) the arbitrators were guilty of
misconduct in refusing to postpone the hearing, upon sufficient cause
shown, or in refusing to hear evidence pertinent and material to the
controversy; or of any other misbehavior by which the rights of any party
have been prejudiced. Zhang also summarized his argument points in the
section of "Summary of The Argument".

Civil Case No. 18-cv-01454-MJD-KMM

## II.  THE AWARD WAS PROCURED BY CORRUPTION, FRAUD, OR UNDUE MEANS

Respondents say in its memorandum (ARGUMENT section II):

*To prevail on a motion to vacate an arbitration award because of fraud, "the offended party [must] prove[] the fraud by clear and convincing evidence, show[] the fraud was not discoverable by due diligence before or during the proceeding, and show[] that the fraud was materially related to an arbitration issue." MidAmerican Energy Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616, 622 (8th Cir. 2003). "[F]raud traditionally requires a false representation of material fact, made knowingly and with intent to deceive, which induces another party to act." Wolfson v. Allianz Life Ins. Co. of N. Am., No. CIV. 14-4469 JNE/BRT, 2015 WL 2194813, at *6 (D. Minn. May 11, 2015). In the context of the FAA, though, more is required. Id. ("But given 'the strong federal policy favoring arbitration,' fraud under the FAA demands a 'greater level of improper conduct' than is typically required." (quoting Goff v. Dakota, Minn. & E. R.R. Corp., 276 F.3d 992, 996 (8th Cir. 2002)). Before an award can be vacated under §10(a)(1), the party seeking vacatur must demonstrate a causal connection between the improper conduct and the award. PaineWebber Grp., Inc. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 991-95 (8th Cir. 1999).*

*Zhang's attempt to vacate the award under §10(a)(1) fails because he has not demonstrated any of the requisite elements. He has not proved any intentional*

19

_deception of material fact or any other improper conduct by Defendants or any_
_witnesses. Nor has he pointed to any alleged wrongdoing that could "not have been_
_discoverable by due diligence."_

A party alleging fraud must prove by clear and convincing evidence (1) a false

representation, (2) of a present, material fact, (3) made intentionally and knowingly,

(4) with intent to mislead, (5) reasonable reliance by the party misled, and (6)

resulting damage to him.

See Thompson v. Bacon, 245 Va. 107, 111 (1993.)

See Ex. D Plaintiff brief §40 (_Respondent engaged in fraudulent activity_) for

how Zhang proved the fraud.


(A). proved any intentional deception of material fact or any other improper conduct

   by Defendants or any witnesses (Refer to Ex. D §40 for details)

   **(1)** UnitedHealth terminated Zhang's job based on the facts, under Ex. D

      §40(a), provided by Duraimanickam. And the arguments under §39 and

      §40(b) show these Respondents' statements are untrue or misleading,

      especially if UnitedHealth can disclose the records from "Basecamp",

      "service-now" and "codeHub"; and

   (2) Although the Respondents, especially Duraimanickam, knew those

      statement evidences were based on partial facts and would cause misleading,

      they still used this written information as statement evidence to demonstrate

      Zhang had bad performance issues (Ex. K); and

Civil Case No. 18-cv-01454-MJD-KMM

(3) In past Internal Dispute appeal (Ex. E) and in hearing, Zhang already

claimed those statements are untrue or misleading based on partial facts, Ex.

D, §40 (c) (d), but Respondents still submitted it to Arbitrator Keyes as

evidence without any correction; and

(4) Respondents, especially Duraimanickam, were intend to present these

statement evidences to Arbitrator Keyes in order to win the case. And they

knew the partial facts would mislead Arbitrator Keyes since Zhang and

Duraimanickam argued on that matter for many times (Ex. E).

(5) Those partial facts sound reasonable Ex. D, §40(a), and were completely

accepted by Arbitrator even though Zhang claimed they were untrue.

(6) Above conducts result in Arbitrator making an arbitration decision favor to

Respondents.


(B). pointing to any alleged wrongdoing that could "not have been discoverable by

due diligence

(1) When Zhang filed an Internal Dispute Appeal with UnitedHealth in

December 2016, Zhang told UnitedHealth HR that the arguments in his

dispute letter could be verified by the records in "basecamp", "service-

now", and "codeHub". But UnitedHealth HR did not look at the records in

"basecamp", "service-now", and "codeHub".

(2) When Zhang filed an age discrimination charge with EEOC, Zhang told

EEOC that his claim arguments can be verified by the records in

Civil Case No. 18-cv-01454-MJD-KMM

"basecamp", "service-now", and "codeHub". But when EEOC asked

UnitedHealth for these working records, UnitedHealth objected EEOC

request. UnitedHealth provided Duraimanickam review statements instead.

(3) During this arbitration discovering stage in 2019, Zhang told his Attorney

that the records in "basecamp", "service-now", and "codeHub" could

support his claim. Zhang also told his attorney that Respondent

Duraimanickam knew these records very well because she needed to know

these records in order to keep her updated with her team daily work status.

(4) Before hearing in 2020, Zhang's attorney told Zhang that UnitedHealth did

not provide us the records in "basecamp", "service-now", and "codeHub"

when she asked for all work-related resources, include "basecamp" records.

Zhang's attorney also told Zhang that the AAA or arbitrators had no power

to compel UnitedHealth to provide such records. But Zhang's attorney said

she would try, based on over witness testimony, to disprove the examples

shown on the "Corrective Action Form" issued by Duraimanickam.

Respondents used these examples to prove Zhang had bad performances.

(5) Duraimanickam testimony in the hearing showed testimonies she presented

were based on untrue or partial facts and which would lead to misleading.

This has been demonstrated in Plaintiff brief for arbitration (Ex. O), and

Plaintiff brief for vacating arbitration award (Ex. D).

(6) Duraimanickam has a prejudice against Zhang. During hearing meeting,

Duraimanickam testified that

Civil Case No. 18-cv-01454-MJD-KMM

(a). *"He[Zhang] needed a lot of improvement because he[Zhang] was never telling the truth, he[Zhang] was always lying in his commitment. He[Zhang] was not keeping up with words. He[Zhang] was not trustworthy. He was not credible."* (Ex. L page 38, line 1-5);

(b). *"Specifically his[Zhang's] outcome was always flawed and he[Zhang] always has issues."* (Ex. M Tr. 622:7-8);

(c). *"Basically, he[Zhang] has always run into repeated issues for not validating things thoroughly. He's always been very careless"* (Ex. M Tr. 626:1-4);

(d). *"he[Zhang] was always giving some lame excuse or the other."* (Ex. M Tr. 654:21-22);

Duraimanickam had described Zhang job performances with so many "Always" comments, she should be very easy to find many examples to demonstrate her statements. However, in fact, except she blamed Zhang by statements with no evidence to support, Duraimanickam could not prove her statements with any material evidence or specific examples. However, Arbitrator Keyes does not think Duraimanickam is lying or has strong prejudice; and still made the decision based on Duraimanickam.

(7) Respondents did not disclose the records in "basecamp", "service-now", and "codeHub". Thus, the Plaintiff can only disprove the examples presented by Respondents. However, during hearing meeting, Respondents presented many statements or comments to mislead the Arbitrator. Without specific or

23

Civil Case No. 18-cv-01454-MJD-KMM

particular examples, the Plaintiff was unable to disprove them, especially those testifying was after Plaintiff's testifying. So, the Plaintiff sent a letter (Ex. S) to Arbitrator to report his concerning, but did not get any response until received the arbitration award.

### III. Arbitrator Keyes Were Guilty of Misconduct in Refusing to Postpone the Hearing, Upon Sufficient Cause Shown, Or in Refusing To Hear Evidence Pertinent And Material To The Controversy; Or of Any Other Misbehavior By Which The Rights Of Any Party Have Been Prejudiced

In arbitration award, Arbitrator Keyes states "*Although Claimant contends that in each of these instances he was not at fault, there was sufficient evidence to support Duraimanickam's critique of Claimant's performance as fair and not simply a pretext for age discrimination. This evidence included not only Duraimanickam's evaluation of Claimant's poor performance but also the evaluations of his co-workers, including lead developer Sean Woods who described how Claimant's delays and mistakes adversely affected the whole team*". (Ex. R, ¶1 on page 3)

It's a common sense that the words from a person with prejudice (Ex. F §4) would not be independent and impartial. As arbitrator, Keyes should try not to miss any available evidences and weight each available evidence fairly. Arbitrator Keyes's judgment has obvious bias; he prefers believing Duraimanickam's evaluation of Claimant's poor performance, and refuses to acknowledge the facts that

Civil Case No. 18-cv-01454-MJD-KMM

Duraimanickam told lies and her evaluation was on the basis of untrue or partial

facts, which could be proved in her testimony on arbitration hearing. Also, as

defendants' witness, Shawn Woods testified that he didn't know what is "basecamp"

(Ex 47 Tr. 123:7-10). That is uncredible because the "basecamp" was the system he

must have used on every day in 2015, 2016, and might continue being used for

certain years after 2016.

> (1). Refer to Claimant Zhang's Amended Brief (Ex. §§ 38 and 39, on
>
> page 89-99). With Duraimanickam 's testimony in arbitration
>
> hearing, Zhang had demonstrated all the examples and the facts,
>
> which Duraimanickam was based on for terminating Zhang's job,
>
> are untrue or based on partial facts (Ex. §13, page 30-51). Zhang
>
> also proved Duraimanickam told lie in arbitration hearing (Ex. O
>
> §V. iv and Ex. D) and also in this memo. Arbitrator Keys also
>
> heard testimony that (1). Zhang completed many work assignments
>
> in 2016 (Ex. N). Exception the admin tool assignment which
>
> deadline was changed for many times because its requirement had
>
> been changed for many times; (2). Duraimanickam told lie; (3).
>
> Duraimanickam thought Zhang always did something wrong (Ex.
>
> M, Tr. 622:7-8); and if other developers did something with issues,
>
> Duraimanickam believed that was always because of Zhang's
>
> working issues, etc. (Ex. M Tr. 616:3-4). Since there are so many

Civil Case No. 18-cv-01454-MJD-KMM

"always" conducts (this memo §13 d.), Duraimanickam should be very easy to find some examples to support her statements. However, Duraimanickam was unable to provide any evidence to prove or demonstrate her statements in Internal Dispute Appeal, EEOC charge case, and this arbitration.

(2). Zhang had sent a letter (Ex. S) to Arbitrator Keyes to inform him that it would be hard for him hard to make fair and justice determination when he only saw partial facts, especially those facts are selected on purpose. In this letter, Zhang also told Arbitrator Keyes that the UnitedHealth is unwilling to provide solid evidences, such as the records from "basecamp" and "service-now". It is obvious that UnitedHealth was try to hide those facts unfavorable to them, such can mislead the arbitrator. But Arbitrator Keyes did not take any further steps to resolve the issues on the contradictory statements presented by both parties, especially when there are no original evidences. Arbitrator Keyes thinks if there is one content matched within two papers, then all the contents in both papers would be considered as "True", even though there are

Civil Case No. 18-cv-01454-MJD-KMM

some contradictory statements[3]. Such would lead to "circular reasoning".

(3). In the letter that Zhang sent to Arbitrator Keyes (Ex. S), Zhang told Arbitrator Keys that he was not given long enough time in hearing meeting for Zhang to provide entire and detail facts and to refute UHG blaming me due to the limitation on meeting time. But Arbitrator Keyes discarded that information.

Also, Arbitrator Keyes only allow attorneys to ask witnesses questions. Arbitrator Keyes and Zhang's attorney have no IT background. Thus, it would be very easy to make them get confused when the answers contain some technical terms. For example, in the "Corrective Action Form" (Ex. B) issued by Duraimanickam, there is an example 3 on page 2, saying:

*"While launching BSL Center in Production on Aug 16th, he[Zhang] did not validate properly in Optum Developer despite indicating that he[Zhang] fully understood the validation tasks. A major problem was identified the next day and the rest of the team had to work on rolling back the changes in Production."*

---

[3] For example, document A states "Dog is bird. Cat is animal, Fish is plan.", while document B states "Dog is bird. Goose is bird, Tiger runs very slow", then, based on Arbitrator Keyes' logic, it is true fact that "Dog is bird. Cat is animal, Fish is plan, Goose is bird, Tiger runs very slow", because both documents say "Dog is bird'.

Civil Case No. 18-cv-01454-MJD-KMM

This example is to blame Zhang did not validate a website called "Optum Developer". But the true is that Zhang had not been asked to validate "Optum Developer" website while launching BSL Center in Production on Aug 16th.

Duraimanickam used this example to demonstrate Zhang had poor performance. But Zhang refuted Duraimanickam's blaming, and said Duraimanickam's example is based on partial fact with misleading, because there was a To-Do list provided to Zhang which contains dozens of websites for validating, and "Optum Developer" was not on the list. Zhang's attorney just wants to confirm whether "Optum Developer" was not listed on the To-Do list, or not. That is a one-word "answer", but Duraimanickam's gave long explanation along with many "nonsense words" (Ex M, 604:19 – 607:19). And finally, instead reply "Yes" or "No", Duraimanickam just said Zhang should validate that website no matter it is on the list or not.

However, that is not the matter of "Should do". That is the matter of "Forgot" or "Don't know"[4]. Zhang did not know there were a website not validated. The To-Do list was prepared by someone, and had been reviewed by every team member and Duraimanickam. Zhang just following the pre-approved instruction to do his job. UnitedHealth IT policy requires everyone following the instruction. Don't do more

---

[4] For example, when someone gets harmed due to slipped on the wet floors without "Wet" warning sign, we cannot say "That is your problem to get harmed because you know walking on "wet floors" would be slipped. That is the matter about "Knowing what is required to do" and "Having the knowledge on what to do"

or leass. If need to blame someone, Duraimanickam should blame that young engineer, Max, who made the trouble.

So, this is an example which demonstrates Duraimanickam treated Zhang differently from the younger people. But due to confused by Duraimanickam answer, Arbitrator Keyes believed Duraimanickam, and considered Zhang did not meet the job.

However, Arbitrator Keyes still recognizes Duraimanickam opinion and thinks Zhang did not validate the thing which he should do.

Sujatha and UnitedHealth's witness had two times of testifying during hearing, one before Zhang's hearing, the other after Zhang's hearing. Thus, it made Zhang have no opportunity to correct those lie or inappropriate testimony. Although Arbitrator Keyes allowed Zhang's attorney to question them, but Zhang's attorney did not know whether the witnesses are lying, or where they tell lie. Also, when Zhang told Arbitrator Keyes he did not have enough time on testifying, Arbitrator Keyes discarded his warning.

The Arbitrator Keyes did not pay attention to Duraimanickam's testimonies which show Zhang had no fault on those examples and facts presented by UnitedHealth. In addition, Defendants also testified that Duraimanickam thought Zhang always did something wrong (Ex. M, Tr. 622:7-8); and if others did something wrong, Duraimanickam believed that was always because of Zhang's fault (Ex. M Tr. 616:3-4). Since Duraimanickam thought Zhang always did something wrong, there should be a lot of examples she could find. However, Defendants could

Civil Case No. 18-cv-01454-MJD-KMM

not present any material evidence to demonstrate how bad Zhang's work performance was.

Arbitrator Keyes thinks if Defendants said something, then they should be true without asking UnitedHealth to provide material evidence to prove that, even though Arbitrator Keyes knew those material evidences were available in UnitedHealth. However, when Zhang demonstrated, based on the Duraimanickam's testimonies, that he was not at fault in the examples presented by Defendants, Arbitrator Keyes still believed Duraimanickam's statements with partial facts, and is not willing to trust Duraimanickam's testimonies with complete facts. Arbitrator Keyes knew Defendants did not present any material evidence or facts to prove their statements that alleged Zhang had bad work performance. Arbitrator Keyes thinks UnitedHealth could terminated Zhang job for any reason since Zhang was an at-will employee as long as the reason is true. Arbitrator Keyes believed the "bad performance" reason for terminating Zhang's job was true because UnitedHealth presented the hearsay statement in many places even though the examples presented by UnitedHealth could not demonstrate Zhang had bad performance, and even though Duraimanickam told lie in her testimony and some facts she presented, and even though the witnesses from UnitedHealth testimony that Zhang had strong technology and could get the works done easily and fast. Based on the testimonies of both Duraimanickam and Zhang, Zhang demonstrated Duraimanickam's reason for terminating Zhang's job is a pretext for unlawful discrimination. But Arbitrator Keyes thinks Zhang still needs to provide material evidence to support his claiming. And this material evidence is

30

the record from "basecamp", "service-now", and "codeHub", etc. which UnitedHealth denied to provide and denied to verify the facts with it. Arbitrator Keyes believes UnitedHealth's hearsay evidences are true facts even though there are lies in the evidences, and even though no material evidence to prove them, and even though Zhang proved they are false statements, but Arbitrator Keyes does not accept Zhang's demonstrations even though the demonstrations can be proved by UnitedHealth witnesses' testimonies.

The Arbitrator Keyes's decision is based on UnitedHealth hearsay or statement evidences. UnitedHealth has the material evidence to show Zhang's performance, but UnitedHealth refuted to use it to prove Zhang's performance. In this case, all the material evidences are owned by employer. The employer can determine what evidences to present to arbitrators by saying that is for protecting its intellectual property. And arbitrators have no power to compel employer providing the evidences unfavorable to the employer. Also, there is no penalty for employer to present false statement evidence in arbitration. Thus, provide the employer opportunity to discriminate employees without afraid of being convicted since an employer can prove anything only by employer's statement evidences and don't care of whatever actual facts would be.

UnitedHealth memorandum in opposition to plaintiff's motion to vacate arbitrator's decision does not provide any original or material evidence to demonstrate their arguments or to refute plaintiff's arguments. UnitedHealth

arguments are primarily based on themselves written statements or the conclusions without supporting evidence. Also, there are some self-contradictory allegations found in their statement evidences and testimonies. UnitedHealth used circular reasoning fallacy to demonstrate their arguments and misled the Arbitrator Keyes so that he believes any fact should be the true fact if it can be presented in enough more places. Therefore, the Court shall vacate the arbitration award.

Due to above concerning, Zhang submitted a letter to Arbitrator Keyes to express his concerning. Zhang said Arbitrators are hard to make fair and justice determination with partial facts, especially those facts are selected on purpose. Zhang also told Arbitrator Keyes that UHG might use "circular reasoning" method to justify Sujatha's injustice against Zhang. Zhang also told Arbitrator Keyes that UnitedHealth only used statement and hearsay evidences to support their conclusion even thought there is material evidence available, such as the records from "basecamp" and "service- now".

## IV. AN AWARD CANNOT BE VACATED ON THE GROUNDS THAT THE ARBITRATOR MISAPPLIED THE LAW

In plaintiff amended brief (Ex. D) page 95. Zhang said "Arbitrator applied qualified privilege **in wrong place**". But actually, he meant "Arbitrator applied qualified privilege **in wrong Respondent person**". On the flowing sentence, Zhang said "*the Complainant alleged that Ms. Sujatha Duraimanickam lied, and did not allege that UHG lied.*".

Civil Case No. 18-cv-01454-MJD-KMM

## CONCLUSION

Based on the facts and evidences here and in Ex. D §§38, 39, 40, 41, it could be concluded that:

1. the award was procured by corruption, fraud, or undue means;

2. the award was procured by corruption, fraud, or the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced

Pursuant to 9 U.S.C. §§ 10 (a)(1)(3), this Court should vacate the Award which is rendered in favor of respondents on all claims in arbitration, *Case Number: 01-19-0001-0069*. This Court should grant new trial motions when the Arbitration Award is vacated.

Date:  February 24, 2021

Respectfully submitted,

/s/ Yufan Zhang

**Yufan Zhang**

Plaintiff