UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yufan Zhang,

    Plaintiff,

v.                                                  **MEMORANDUM OPINION
                                                    AND ORDER**
                                                    Civil No. 18-1454 (MJD/KMM)

UnitedHealth Group and
Sujatha Duraimanickam,

    Defendants.

_____

    Plaintiff, *pro se*.

    Sandra L. Jezierski and Sarah B. Riskin, Nilan Johnson Lewis PA, Counsel
for Defendants.

_____

    This matter is before the Court on Plaintiff's motion to vacate the

Arbitrator's Decision. [Doc. No. 42]

## I.    Background

### A.    Plaintiff's Claims

    Plaintiff was an employee of Defendant UnitedHealth Group

("UnitedHealth") from December 2014 through November 14, 2016.  (Amended

Complaint ¶¶ 3, 11.)  In the Amended Complaint, Plaintiff asserted claims of age

discrimination under the ADEA and the MHRA and a claim of defamation.

## B.      Arbitration

By Order dated February 14, 2019, this Court granted Defendants' motion

to compel arbitration and stayed this case pending arbitration.  The parties then

proceeded to litigate Plaintiff's claims according to the Rules of the American

Arbitration Association ("AAA"), as modified by the Policy.  (Jezierski Decl. ¶ 2.)

The parties were each entitled to serve up to 25 Requests for Production of

Documents and conduct two eight-hour days of fact witness depositions.  (Id.,

Ex. A, ¶¶ 14.b and 14.c.)  Plaintiff was represented by counsel throughout the

arbitration proceedings.  (See Doc. No. 36 (Memorandum in Support of Motion

to Withdraw as Counsel for Plaintiff).)

Former Magistrate Judge Jeffrey Keyes served as the Arbitrator and heard

evidence over a four-day period on August 4, 5, 18 and 19, 2020.  (Id. ¶ 5.)  The

parties also submitted post-hearing briefs.

On October 5, 2020, the Arbitrator issued his decision in favor of

Defendants on all counts.  (Id. ¶ 10, Ex. D.)  First, the Arbitrator found that

Plaintiff had failed to prove that age discrimination was the cause of his

termination.  (Id. at 4.)  Second, the Arbitrator found that the alleged defamatory

statements concerning his poor performance in his performance review were

subject to a qualified privilege and could not lead to liability absent a finding of

actual malice.  (Id. at 5.)  The Arbitrator noted that Plaintiff's argument as to

actual malice was premised on his age discrimination claim, and because

Plaintiff had failed to prove his age discrimination claim, there was no showing

of actual malice or improper motive to overcome the qualified privilege afforded

the alleged defamatory statements in the performance reviews.  (Id.)  The

Arbitrator also rejected Plaintiff's additional argument that his supervisor,

Duraimanickam, was acting in bad faith by building a file of false statements

about Plaintiff, as evidence was submitted to show there were reasonable

grounds to support the alleged statements.

Plaintiff is now *pro se* and has filed a motion to vacate the Arbitrator's

decision.

## II.    Motion to Vacate Arbitration Award

### A.    Standard

The Federal Arbitration Act ("FAA") provides that any agreement to settle

a controversy by arbitration "shall be valid, irrevocable, and enforceable, save

upon such grounds that exist in law or equity for the revocation of any contract."

9 U.S.C. § 2.  The FAA further instructs, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which suit is pending, upon being
> satisfied that the issue involved in such suit or proceeding is referable to
> arbitration under such an agreement, shall on application of one of the
> parties stay the trial of the action until such arbitration has been had in
> accordance with the terms of the agreement…

9 U.S.C. § 3.

Once an arbitrator issues a decision, the FAA provides four grounds for

which a court may vacate that award upon application of any party to the

arbitration.  Those grounds are:

> **(1)** where the award was procured by corruption, fraud, or undue means;
> **(2)** where there was evident partiality or corruption in the arbitrators, or
> either of them;
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone
> the hearing, upon sufficient cause shown, or in refusing to hear evidence
> pertinent and material to the controversy; or of any other misbehavior by
> which the rights of any party have been prejudiced; or
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed
> them that a mutual, final, and definite award upon the subject matter
> submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

"Judicial review of the arbitrator's ultimate decision is very deferential and

should not be disturbed 'as long as the arbitrator is even arguably construing or

applying the contract and acting within the scope of his authority.'" N. States

Power Co. v. Int'l Broth. of Elec. Workers, Local 160, 711 F.3d 900, 902 (8th Cir.

2013) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38

(1987)).

### B.   Arguments

Plaintiff moves to vacate the Arbitration Award on the following bases:

that the Award was procured by fraud and that the Arbitrator engaged in

misconduct by failing to consider evidence and for failing to postpone the

hearing.

To prevail on his motion to vacate the arbitration award based on fraud,

Plaintiff must "prove[] the fraud by clear and convincing evidence, show[] the

fraud was not discoverable by due diligence either before or after the proceeding

and show[] that the fraud was materially related to an arbitration issue."

MidAmerican Energy Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616,

622 (8th Cir. 2003).  "Fraud is established if the plaintiff proves that 'the

defendant made false representations of material fact, intended to induce

plaintiff to act, the representations were made with knowledge of, or reckless

disregard for, their falsity, and the plaintiff justifiably relied upon those false

representations to [his] detriment.'"  Goff v. Dakota, Minnesota & Eastern R.R.

Corp., 276 F.3d 992, 996 (8th Cir. 2002) (quoting Pac. & Arctic Ry. & Navigation v.

United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991)).  "But given 'the strong

federal policy favoring arbitration,' fraud under the FAA demands a 'greater

level of improper conduct' than is typically required."  Wolfson v. Allianz Life

Ins. Co. of North America., 2015 WL 2194813, at* 6 (D. Minn. May 11, 2015)

(citing Goff, 276 F.3d at 996)).

Plaintiff argues the Award was procured by fraud because his supervisor,

Sujatha Duraimanickam and other witnesses, lied during their testimony before

the Arbitrator, and that Defendants failed to produce records from three project

management databases: BaseCamp, CodeHub and service-now.  As a result,

Plaintiff asserts the Arbitrator was not fully informed as to the requirements of

Plaintiff's job and prevented Plaintiff from proving his claims.

Defendants argue that Plaintiff has failed to demonstrate an intentional

deception of material fact or any other improper conduct by Defendants or

witnesses.  Plaintiff was aware of the documents he requested, the documents

produced and the documents identified as exhibits for the hearing.  Plaintiff did

not identify missing documents and took no steps to procure any missing

documents prior to the hearing.  Further, Plaintiff could have sought assistance

from the Arbitrator to obtain any missing documents, but he did not do so.

As to the alleged lies told by defense witnesses, Plaintiff only makes

generalized statements without evidentiary support.  This is not sufficient to

meet his burden of providing fraud by clear and convincing evidence.

The Court finds that Plaintiff has not demonstrated, by clear and

convincing evidence, that the Arbitration Award was procured by fraud.  Other

than his own self-serving testimony as to his job performance, Plaintiff did not

present any evidence that any of the witnesses had lied during the arbitration

hearing.

The Arbitrator found that Duraimanickam's testimony was credible based

on his finding that Duraimanickam had demonstrated problems with Plaintiff's

job performance, and that she spent a great deal of time coaching him on how to

improve his performance.  (Jezierski Decl., Ex. D (Arbitration Award at 3).)

Further, the Arbitrator found that the "issue here is not whether there was a

cause to terminate Claimant who was an at-will employee.  Rather, the issue is

whether Claimant has proven that intentional age discrimination was the cause

of his termination.  What matters is that Claimant's poor performance in his job

was the true reason for the termination even if the decision to terminate Claimant

was unwise, unfair, or based on mistakes of fact. " (Id. at 4.)  Ultimately, the

Arbitrator found that "Claimant's claims under the ADEA and MHRA fail

because he did not prove that age discrimination was the cause of his

termination." (Id.)

The Court further finds that Plaintiff has failed to show the Arbitrator was

guilty of misconduct by failing to postpone the hearing or in refusing to hear

evidence pertinent and material to the controversy.  The record demonstrates

that Plaintiff never sought such evidence in discovery, and never raised the issue

before the Arbitrator.

Plaintiff also complains that the Arbitrator did not give proper

consideration to a compilation of contemporaneous notes he prepared regarding

his work performance and meetings with Duraimanickam.  As to these notes, the

Arbitrator wrote:

> But Claimant's typed compilation of notes does not constitute reliable
> evidence supporting the claim.  It was not clear when Claimant created the
> compilation of notes, and he did not come forward with the original
> documents that he relied upon in compiling the notes to prove that he
> recorded the content of the compilation at or near the time when
> Duraimanickam allegedly made the comments.  Claimant's allegation that
> Duraimanickam made the comments that showed a bias against older

workers is simply not enough to overcome the well-documented record of poor performance that caused Claimant's termination.

(Id. at 3-4.)

Thus, it is clear the Arbitrator considered this evidence, but found it did

not constitute reliable evidence supporting Plaintiff's claim.

The Court further finds that Plaintiff has not demonstrated that he

requested the Arbitrator to postpone the hearing to obtain additional documents.

Failure to complain about alleged errors generally results in a waiver of such

complaints.  See PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship,, 187 F.3d

988, 995 (8th Cir. 1999).  Plaintiff claims he raised these concerns in a letter to the

Arbitrator, but such letter was not provided to the Defendants, not filed with the

Court and it is unclear whether it was delivered to the Arbitrator.  (Jezierski Decl.

¶ 14.)  In any event, the claims were not raised during the proceeding.

As to Plaintiff's claim that the Arbitrator misapplied the law on qualified

privilege, it is no longer a ground to vacate an arbitration award based on a

manifest disregard of the law.  Air Line Pilots Ass'n Intern. v. Trans States

Airlines, LLC, 638 F.3d 572, 578-79 (8th Cir. 2011) (finding the Supreme Court

eliminated judicially created vacatur standards under the FAA, and finding an

arbitral award may be vacated only for the reasons enumerated in the FAA)

(citing Hall Street Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 586-87 (2008)).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate the Arbitration

Award [Doc. No. 42] is **DENIED**.  This matter is hereby dismissed with

prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:  April 26, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court